IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03070-BNB

DANIEL ACOSTA,

    Applicant,

v.

CHARLES DANIELS, Warden,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Daniel Acosta, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado. Applicant initiated this action by filing *pro se* an Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Magistrate Judge Boyd N. Boland directed Applicant to file his claims on a Court-approved form, which he did on December 16, 2013.

    On December 17, 2013, Magistrate Judge Boland directed Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. After an extension of time to file, Respondent filed a Response on January 8, 2014, and argued the action should be dismissed because Applicant has failed to exhaust his administrative remedies. Specifically, Respondent asserted that Applicant failed to resubmit his appeal within fifteen days, as he was told to do by the Central Office, and state why his appeal was untimely and not his fault. Prelim. Resp., ECF No. 13, at 7.

Applicant filed a Reply on January 28, 2014, and asserted that he did not receive the notice of rejection from the Central Office, and not until months later was he told that he now is time-barred from filing an appeal to the Central Office. Reply, ECF No. 18, at 4.

After review of Applicant's Reply, Magistrate Judge Boland directed Respondent to supplement the Preliminary Response and provide documentation of when Applicant mailed the appeal to the Central Office and when a copy of the notice of rejection from the Central Office was provided to Applicant. Respondent filed a Supplement, ECF No. 25, on April 10, 2014, and Applicant filed a Reply, ECF No. 26, to the Supplement on April 23, 2014.

The Court must construe liberally Applicant's filings because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Applicant asserts he was convicted of a serious prison disciplinary charge at the Three Rivers Federal Correctional Institution and sanctioned with a loss of sixty-one days of good conduct time, along with other sanctions. He raises three due process claims and asserts that he has exhausted his administrative remedies. Applicant asks that the charges be reversed and expunged and all sanctions dismissed.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative

procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203. Furthermore, the exhaustion requirement may be excused where the deficiency in exhaustion is caused by prison officials' acts of preventing, thwarting, or hindering prisoner's efforts. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (applying Prison Litigation and Reform Act (PLRA), 42 U.S.C. § 1997e(a)). A prisoner, however, may not exhaust "administrative remedies by, in essence, failing to employ them." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

The BOP administrative remedy procedure is available to federal prisoners such as Applicant. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

Where a determination is made by a Discipline Hearing Officer ("DHO"), the inmate may skip the initial appeal to the warden and appeal the DHO's decision directly to the Regional Director. 28 C.F.R. § 542.14(d)(2). As stated above, the step after the Regional Director is a final appeal to the Central Office. 28 C.F.R. § 542.15(a).

In the Supplement, Respondent acknowledges Applicant was transferred from

FCI Three Rivers to FTC Oklahoma the same date the Central Office entered the rejection notice into SENTRY, the BOP's national database that tracks various information regarding an inmate's confinement, and it is likely that the hard copy rejection notice was addressed to Applicant at FCI Three Rivers and did not reach Applicant due to his transfer. Supplement at 3.

Respondent further asserts that on April 3 and 7, 2014, a BOP representative offered to provide Applicant with an opportunity to resubmit an appeal to the Central Office and prepared a memorandum requesting the Central Office accept and review a new appeal from Applicant regarding the disciplinary hearing at issue; but Applicant declined to pursue the appeal. *Id.* at 3 and Attach. 1, ECF No. 25-1, at 3. Applicant does not deny in his Reply that he was offered an opportunity to resubmit his appeal to the Central Office.

In the Reply to the Supplement, Applicant first argues that the BOP failed to comply with the Court's March 20, 2014 Order. The Court finds Respondent's Supplement complies with the Court's order. Respondent stated it does not maintain a record of outgoing mail that is not sent certified and most likely Applicant did not receive a copy of the notice of rejection due to his transfer. Both answers are responsive to March 20 Order.

Applicant next argues that the exhaustion requirements be excused because administrative remedies were not "personally available," and the failure to forward the rejection notice prevented him from complying with the Central Office's requirements to resubmit his appeal in the required time. Since a BOP representative now has offered to resubmit Applicant's appeal and request that the Central Office accept Applicant's

4

appeal as timely, the Court finds that Applicant has an available remedy and his claims are unexhausted. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DENIED, and the action is DISMISSED WITHOUT PREJUDICE, for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  7th  day of    May   , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court